NOT FOR PUBLICATION (Docket Entry No. 3, 8)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| ALLEGRO FREIGHT, INC. and LINAS BRAZAUSKAS, Plaintiffs, | Civil No. 07-4294 (RBK) |
| v. | **OPINION** |
| WORLD TRUCKING EXPRESS, INC. and GENE SHVEDOV, Defendants. | |

**KUGLER**, UNITED STATES DISTRICT JUDGE:

This case, having been removed from the Superior Court of New Jersey by Defendant Gene Shvedov, comes before the Court on the motion of Plaintiffs Allegro Freight, Inc. and Linas Brazauskas ("Plaintiffs") to remand. Because the Court finds that the removal was untimely, the case will be remanded to the Superior Court.

## I. BACKGROUND

Plaintiff Linus Brazauskas is the president of Plaintiff Allegro Freight, Inc., a trucking and freight carrier corporation. Plaintiffs entered into a series of "Contractor Operating Agreements" with Defendant World Trucking Enterprise ("WTE") and its director and sole shareholder, Defendant Gene Shvedov, to give Defendants the temporary use of Allegro's motor carrier equipment and drivers to transport cargo. Based on alleged problems with these operating

agreements and two incidents that resulted in loss or damage to Plaintiffs' property, Plaintiffs filed a Complaint against WTE in Superior Court in Camden County on November 29, 2004. The original Complaint had seven counts, alleging violations of state law including breach of contract, conversion, fraud, unjust enrichment, tortious interference with contract, and breach of the covenant of good faith and fair dealing. The Complaint also sought injunctive relief.

On March 27, 2006, after the first phase of discovery and resolution of the injunctive issues, Plaintiffs filed an Amended Complaint, adding Gene Shvedov as a defendant and adding claims alleging violations of the New Jersey Consumer Fraud Act, breach of fiduciary duties, and civil conspiracy. Further discovery took place. On July 25, 2007, the conspiracy count was dismissed. Plaintiffs sought reconsideration, and on August 24, 2007, three days before trial was scheduled to begin, the Superior Court reinstated the civil conspiracy count and permitted Plaintiffs to file an Amendment to the Amended Complaint. Plaintiffs assert that the sole basis for filing the Amendment to the Amended Complaint was to clarify state law claims that had been previously pled in the Amended Complaint against Defendant Shvedov. (Pl.'s Br. at 10.) The Superior Court also permitted an additional sixty days of discovery. (Saputelli Cert. Ex. C.) Before the Amendment was filed, Defendant Gene Shvedov removed the case to this Court on September 7, 2007.[1] Plaintiffs filed the present motion to remand on September 25, 2007. Defendants subsequently filed a motion for summary judgment on January 18, 2008, of which the Court stayed consideration pending the decision on the motion to remand.

---

[1]Defendant WTE filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey on August 1, 2007. (Pl.'s Br. at 11.) WTE's participation in this case is currently stayed. (Notice of Removal ¶ 3.)

## II.   DISCUSSION

### A.   Standard for Removal

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court that has original jurisdiction over the action. Once an action is removed, a plaintiff can challenge removal by moving to remand the case back to the state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34 (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

Even if a case filed in state court does not meet the criteria for removal upon first filing, later filings may add parties or claims that create federal jurisdiction and permit removal. The removal statute provides: "A case that is not initially removable, may be removed if an amended pleading, motion, order or other paper provides grounds on which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Notice of removal must be filed within thirty days after the removing defendants receive a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Espinosa v. Allstate Ins. Co, No. 05-1813, 2007 WL 1181020, at *2 (E.D.Pa. Apr. 16, 2007); Sikirica v. Nationwide Insur. Co., 416 F.3d 214, 220 (3d Cir. 2005). In order to prove timeliness, the defendants must also carry the burden of proving that the case was not removable initially. When the initial pleading should put the defendants on notice that the action is one which may be removed, the ability to rely on amended pleadings does not apply. Marchiori v. Vanguard Car Rental USA, Inc., 2006 WL 724445 (E.D. Pa. Mar. 17. 2006).

Here, Defendants did not seek removal until the Amendment to the Second Amended Complaint was filed, arguing that the amendment added claims founded in Federal law and that the case before contained only state law claims between non-diverse parties. Removal occurred in September 2007, almost three years after the case was initially filed in November 2004, and over a year after the Amended Complaint was filed in March 2006.[2] Plaintiffs argue that any federal claims in the case have been in the case from the beginning. Therefore, the Court must analyze Plaintiffs' Complaint and Amended Complaint to determine if these pleadings should have put Defendants on notice that this action was removable.

**B. Allegations in the Pleadings**

The initial Complaint filed November 29, 2004 mentions the Federal Motor Carrier Safety Administration of the United States Department of Transportation ("FMCSA") and

---

[2]The Court notes that the Amendment on which Defendant Shvedov relies was not actually filed in the Superior Court, though that Court gave Plaintiffs permission to file. Defendant asserted in the notice of removal that the amendment "has not been served upon the defendant as of this date; however, defendant has no reason to believe that it will not be filed as discovery has already been extended and the trial postponed for the sole purpose of filing an amended complaint." (Notice of Removal ¶ 15.)

alleges that Defendant WTE was in violation of this agency's regulations related to " certain minimum types and levels of insurance coverages." (Compl. ¶ 15.) These allegations under Federal law, one paragraph in the initial complaint, are expanded upon and spelled out in far more detail in the Amended Complaint, filed with leave of court on March 27, 2006.

The Amended Complaint contains over three pages of purportedly applicable FMCSA regulations governing insurance requirements, escrow requirements, and payment deadlines. In all, approximately seven pages of the Amended Complaint are devoted to discussion of the FMCSA regulations and Defendants' alleged violations. (Amended Compl. ¶¶ 16-34.)

The Amended Complaint affirmatively asserts that Defendants' conduct was covered by and in violation of these regulations. (See Amended Compl. ¶¶ 16 ("Defendant WTE, as an authorized carrier, was mandated, under and pursuant to rules and regulations promulgated by the Federal Motor Carrier Safety Administration of the United States Department of Transportation ('the FMCSA Regulations') to comply with specified requirements. . ."), 18 ("WTE's Operating Agreements violate many, if not all, of the above requirements imposed on authorized carriers by the FMCSA Regulations"), 24 (". . . WTE was required by law to obtain liability and cargo insurance. . . "), 26 (agreements between the parties "violate the requirements of § 376.12 of the FMCSA Regulations relating to escrow funds"), 29 (". . . Defendant WTE regularly withheld other 'escrows' from Allegro, in violation of the requirements of § 376.12 of the FMCSA Regulations. . ."), 32 ("Shvedov never disclosed to Allegro that WTE was obligated under law to make payments within 15 days. . .").)

Some of the paragraphs in the FMCSA allegations are directed specifically at Defendant Svedov. (Amended Compl. ¶¶ 21, 31-34.) For example, the allegations related to the "quick pay

scheme" are specifically pled with reference to federal law and are specifically against both Defendant WTE and Defendant Svedov. (Amended Compl. ¶¶ 31-34.)

All of the above allegations regarding the FMCSA regulations are contained within the "General Allegations" section of the Amended Complaint. In addition, the second count, titled "Breach of Contract; Conversion; Accounting," alleges that "Defendant WTE is in continuing violation of Federal law, which requires that an authorized carrier return all escrow funds no later than 45 days from the date of termination of the Operating Agreements." (Amended Compl. ¶ 83.) The seventh count, "Common Law Fraud," also references federal law in allegations against both Defendant WTE and Defendant Shvedov. (Amended Compl. ¶¶ 98 ("WTE and Shvedov represented to [Plaintiffs] that the [sic] conducted their business and operations as an authorized carrier in accordance with the law, and further represented that the Operating Agreements that they required Plaintiffs to sign complied fully with Federal law"), 108 ("Shvedov. . . did not disclose to [Plaintiffs] that, under Federal regulations governing authorized carriers, in fact, WTE was obligated to pay Allegro within 15 days"), 106-114, 115-16.)

The Amendment to the Amended Complaint adds an eleventh count. This count accuses Defendant WTE of violating "obligations imposed by law, including but not limited to legal obligations imposed upon WTE by the Federal Motor Carrier Safety Act and the Federal Regulations promulgated thereunder, relating, *inter alia*, to escrow deposits and the provision of required public liability and cargo insurance. . . ." (Amendment to Amended Compl. ¶ 142.) This amendment also alleges that Defendant Shvedov knew of his responsibilities under the FMCSA regulations but still "knowingly acquiesced in, and ratified, and/or participated in and/or cooperated in and/or directed and/or orchestrated Defendant WTE's violations of obligations

imposed by law, including but not limited to legal obligations imposed upon WTE by the Federal Motor Carrier Safety Act and the regulations promulgated thereunder." (Amendment to Amended Compl. ¶¶ 146-47.)

**C. Analysis**

Plaintiffs have sought relief throughout the case based on a theory of violations of state law and included reference to violations of federal regulations as part of this theory. Plaintiffs, as master of their complaint, can choose to keep suit in state court if the well-pleaded complaint does not affirmatively rely on federal law. Allstate Ins. Co. v. 65 Sec. Plan, 879 F.2d 90, 93 (3d Cir. 1989). However, if the Complaint does rely affirmatively on federal law and such reliance is presented on the face of the Complaint, the case can be removed. Id.; see also Westmoreland Hosp. Ass'n v. Blus Cross of West. Pa., 605 F.2d 119, 123-24 (3d Cir. 1979). Of course, "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First National Bank in Meridian, 299 U.S. 109, 115 (1936). Defendant Shvedov argues that the Amendment sought damages directly for his violations of the FMCSA regulations for the first time.

Whether Plaintiffs' reference to federal law is enough to create federal jurisdiction does not have to be determined by this Court, however, because if there are claims arising under federal law, such claims were clearly present in the Amended Complaint. (Amended Compl. ¶¶ 16-34.) It is clear from the above-cited language of the Amended Complaint that the Amendment raises no federal questions different than those already present in the Amended Complaint against both Defendant WTE and Defendant Shvedov. The Amended Complaint accuses Defendant Shvedov of violating the FMCSA regulations at least in paragraphs 31, 32,

and 33. (See, e.g., Amended Compl. ¶ 31 ("Although Federal law required that authorized carriers, such as WTE, make payment to their contract operator-owners, such as Allegro, 'within 15 days after submission of the necessary delivery documents and other paperwork concerning a trip in the service of the authorized carrier,' WTE and Shvedov disregarded that requirement and, instead instituted a regular practice of delaying payment until 30 days after submission of paperwork").) Though the violations are pled in the Amended Complaint as part of a claim for relief under state law, Defendants should have been on notice that Plaintiffs were asserting violations of federal regulations are part of their state law claims. For example, to prevail on count seven alleging fraud related to the "quick pay scheme," Plaintiffs would likely have to prove the applicability of the FMCSA regulations, because the claim in this count is that the failure to inform Plaintiffs of the lack of compliance with the regulations constituted a misrepresentation or omission of material fact.[3] See Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005) (explaining elements of common law fraud in New Jersey).

The Amended Complaint should have put Defendants, including Defendant Shvedov, on notice that the case was potentially removable, and so Defendants had thirty days from the filing of the Amended Complaint to seek removal. Because the case was not removed until eighteen months after the Amended Complaint was filed, the removal was untimely.

**D. Fees**

Plaintiffs also seek an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). The statute contains no standard by which to evaluate a request for costs and fees resulting from an

---

[3]The Court expresses no opinion on the merits of this theory of liability or any of the other theories of liability put forth by Plaintiffs.

unsuccessful bid for removal. Mints v. Educational Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). The Supreme Court has clarified that the decision to award fees is left to the Court's discretion, and "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

In the Notice of Removal, Defendant Shvedov represented to this Court that the Superior Court "recognized that the amendment was a new claim for damages due to violations of the FMCSA Regulations and thereby, postponed the pending trial, and ordered 60 days of additional discovery." (Notice of Removal ¶ 14.) The Court takes judicial notice of the record of the proceedings before Judge Ronald Freeman. (Docket Entry No. 10 Ex. B.) The record shows that in permitting the amendment, Judge Freeman was allowing Plaintiffs to reassert a previously-pled and dismissed claim against Defendant Shvedov based on a participation theory of corporate director liability. Judge Freeman noted that the claim was based on the same underlying facts and events as those set forth in the original and amended complaints, and he indicated that he believed no further discovery was needed. Counsel for Defendant Shvedov disagreed, arguing that the participation theory of liability required a different type of proof than the existing fraud counts. Counsel stated, "[I]f we're going down the participation theory road I would like additional discovery." (Trans. at 36.) This transcript contradicts counsel for Defendant Shvedov's representation of the prior proceedings.

Because there was no objectively reasonable basis for removing this case in such an untimely manner and Counsel for the removing defendant has admitted that the amendment purportedly creating federal jurisdiction was in fact about a re-framed state law claim, Plaintiffs

will be awarded the fees and costs associated with the costs of removal.

## III. CONCLUSION

Because Defendant Shvedov's removal was untimely, this case will be remanded to the Superior Court of Camden County. Because this Court does not have jurisdiction over this case, the pending motion for summary judgment is dismissed. Plaintiffs' request for fees and costs is granted. An accompanying order shall issue today.

Dated: 5-16-08

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge