NOT FOR PUBLICATION (Docket Entry No. 17, 18, 19)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
ALLEGRO FREIGHT, INC. and          :
LINAS BRAZAUSKAS,                  :
                                   :
           Plaintiffs,             :   Civil No. 07-4294 (RBK)
                                   :
     v.                            :   **OPINION**
                                   :
WORLD TRUCKING EXPRESS, INC.       :
and GENE SHVEDOV,                  :
                                   :
           Defendants.             :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Plaintiffs Allegro Freight, Inc. and Linas Brazauskas ("Plaintiffs"), seeking specified attorneys' fees and litigation costs from Defendants World Trucking Express, Inc. and Gene Shvedov (collectively "Defendants"). The motion seeks relief pursuant to 28 U.S.C. § 1447(c) and Local Civil Rule 54.2. Plaintiffs previously prevailed on a motion to remand their claims brought under state common law back to the Superior Court of New Jersey, and this Court also granted their initial motion for fees and costs. For the reasons set forth below, the Court will deny Plaintiffs' motion without prejudice.

**I.      BACKGROUND**[1]

---

[1] Because the parties are by now familiar with the factual history of this litigation, the background will not be set forth at length except as helpful for disposition of Plaintiffs' motion. The Court hereby incorporates the statements of facts set forth in its prior opinion.

1

Plaintiffs filed a Complaint against WTE in Superior Court, Camden County, on November 29, 2004. On March 27, 2006, after the first phase of discovery, Plaintiffs filed an Amended Complaint, adding Gene Shvedov as a defendant and adding claims alleging violations of the New Jersey Consumer Fraud Act, breach of fiduciary duties, and civil conspiracy. Further discovery took place. On July 25, 2007, the court dismissed the conspiracy count. Plaintiffs sought reconsideration, and on August 24, 2007, three days before trial was scheduled to begin, the Superior Court reinstated the civil conspiracy count and permitted Plaintiffs to file an Amendment to the Amended Complaint. The Superior Court also permitted an additional 60 days of discovery.

Before Plaintiffs filed the Amendment, Defendant Gene Shvedov removed the case to this Court on September 7, 2007.[2] Plaintiffs filed a motion to remand on September 25, 2007. Defendants subsequently filed a motion for summary judgment on January 18, 2008, of which the Court stayed consideration pending the decision on the motion to remand. On May 16, 2008, the Court granted the motion to remand and dismissed the summary judgment motion.

On May 16, 2008, this Court also granted Plaintiffs' request for attorneys' fees and costs associated with filing the motion for remand. On May 28, 2008, Plaintiffs filed the instant motion, stating that the total value of their legal services, together with costs, was $17,475.00 and requesting payment by the Defendants. In their opposition, Defendants claim that Plaintiffs' affidavit in support of the motion for fees does not comport with Local Rule 54.2, in that it did not contain information regarding a fee agreement or amounts billed. Further, Defendants contend that Plaintiffs' affidavit fails to provide proof that the fees enumerated are reasonable.

---

[2] WTE's participation in this case is currently stayed. (Notice of Removal ¶ 3.)

Finally, Defendants allege that certain of Plaintiffs' fees are unreasonable and should not be awarded by the Court. On June 11, 2008, Plaintiffs filed a supplemental affidavit to support their motion for fees and costs.

## II.    DISCUSSION

Section 1447 of Title 28 governs procedure after removal and provides for the award of attorney's fees and costs:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). The district court has discretion to determine the amount of attorney fees and costs to be awarded. See In re Gen. Motors Corp. Pick-Up Truck Prods. Liab. Litig., 55 F.3d 768, 783, 821 (3d Cir. 1995).

The Supreme Court directs that courts use a "reasonableness" standard to assess whether to award the fees and costs requested by the prevailing party. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (explaining that these standards "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") The burden is on the moving party to establish the "reasonableness" of the "hourly rate and number of hours" worked. Washington v. Philadelphia County Ct. of C.P., 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). To satisfy this burden, "the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 892

F.2d 1177, 1183 (3d Cir. 1990)).

In particular, counsel "must produce satisfactory evidence--in addition to [their] own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 896 n. 11; Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621 (E.D. Pa. 1998) ("The prevailing party's burden may be satisfied by the submission of affidavits of attorneys with personal knowledge of the hourly rates customarily charged in the relevant market.").  Mere "conclusory affidavits from counsel" are not enough to establish the reasonableness of a rate.  Furniture Medic, LP v. Faber, 2001 WL 1528337 (E.D. Pa. 2001).

In addition, Local Civil Rule 54.2(a) requires that:

> An attorney seeking compensation for services or reimbursement of necessary expenses shall file with the Court an affidavit . . . setting forth the following:
> (1) the nature of the services rendered, the amount of the estate or fund in court, if any, the responsibility assumed, the results obtained, any particular novelty or difficulty about the matter, and other factors pertinent to the evaluation of services rendered;
> (2) a record of the dates of services rendered;
> (3) a description of the services rendered on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;
> (4) the time spent in the rendering of each of such services; and
> (5) the normal billing rate for each of said persons for the type of work performed.

L. Civ. R. 54.2(a).  Further, Local Civil Rule 54.2(b) requires that "applications for the allowance of counsel fees shall include an affidavit describing all fee agreements and setting forth both the amount billed to the client for fees and disbursements and the amount paid." L. Civ. R. 54.2(b).

In this case, which was improperly removed, Plaintiffs are entitled to recover just costs

4

and actual expenses, including attorney fees, to the extent that those costs and fees were incurred due to the removal. Plaintiffs request $17,325.00 in attorney's fees and $150.00 in costs. In support of this claim, Plaintiffs provide only the affidavit of their counsel of record, Gregory D. Saputelli. In his affidavit, Saputelli attests that he charges an hourly rate of $460 - $600 and that he spent a total of 37.5 hours working on the case upon its removal to this Court.[3] Plaintiffs' initial filing did not include any other affidavits attesting to the reasonableness of the fee, nor did Saputelli's initial affidavit provide a description of "all fee agreements," "the amount billed to the client," and "the amount paid." L. Civ. R. 54.2(b). Further, Plaintiffs did not proffer any justification for spending 37.5 hours on a motion for remand. Plaintiffs' supplemental affidavit did attest to the fee agreement, and amounts billed to and paid by the client, but still failed to address the question of reasonableness. Plaintiffs have not fully complied with what is required of them, and are not entitled to their requested fees and costs until they comply with the local rules and satisfy their burden of establishing the reasonableness of the amount claimed.

### III. CONCLUSION

Accordingly, Plaintiffs motion for attorneys' fees in the amount of $17,325.00 and costs in the amount of $150.00 is denied without prejudice. The accompanying Order shall issue today.

Date:   10-10-08                                                          /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge

---

[3]Saputelli's affidavit states that his hourly rate range changed on November 1, 2007, and that he used the lowest of his rate range at the time he completed the work to calculate his request for fees.